O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN M. CHAMBERS,<br><br>               Plaintiff,<br>    v.<br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. CV 13-1686-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See ECF Nos. 5, 6.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

1

## I.
## **DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the grounds for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly considered the opinion of Plaintiff's treating physician, Joni Zapata, M.D. (JS at 4.)

## II.
## **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.
## **DISCUSSION**

**A.    The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of depressive and

anxiety-related disorders; and a history of asthma.[3]  (Administrative Record ("AR") at 31.)  The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except that there should be no concentrated exposure to pulmonary irritants and no more than low-end semi-skilled (SVP 3) work.  (Id. at 32.)

Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff was capable of performing her past relevant work as a personal attendant (Dictionary of Occupational Titles ("DOT") No. 309.674-014) as generally performed in the national economy.  (AR at 36-37.)  The ALJ also found that even assuming Plaintiff's mental condition further restricted her to work involving only simple and repetitive 1-3 step tasks, i.e., unskilled work, she could still perform the requirements of such representative occupations as change person (DOT No. 221.467-034) and dining room attendant (DOT No. 311.677-018).  (AR at 37-38.)

**B.     The ALJ Properly Discounted the Opinions of Plaintiff's Treating Physician.**

Plaintiff contends that the ALJ erred by failing to articulate a legally sufficient rationale to reject the opinions of her treating physician, Dr. Zapata.  (JS at 4-7.)  Plaintiff states that the ALJ failed to offer either a legitimate conclusion or a reason for rejecting those opinions.  (Id. at 5.)  Specifically, Plaintiff notes that Dr. Zapata diagnosed Plaintiff with diabetes mellitus, type II, uncontrolled; anxiety; asthma; and stress.[4]  (Id. at 6 (citing AR at 387).)  In a questionnaire, Dr.

---

[3] As discussed by the ALJ, Plaintiff had previously been found to be disabled for a closed period from April 1, 2009, through June 30, 2010, as a result of anxiety and depression.  (AR at 33 (citing id. at 79-85).)

[4] Although Plaintiff appears to frame this as "asthma stress" rather than two separate disorders, it is clear from Dr. Zapata's questionnaire that these were

(continued...)

3

1  Zapata indicated that Plaintiff could sit at least six hours in an eight-hour workday;
2  stand/walk about two hours in an eight-hour work day; should walk for five
3  minutes approximately every ninety minutes; could frequently lift less than ten
4  pounds and occasionally lift ten pounds.  (Id. at 388-89).)  Plaintiff notes that Dr.
5  Zapata's findings would limit Plaintiff to the sedentary level of exertion.  (JS at 6.)
6  The ALJ rejected Dr. Zapata's opinion of Plaintiff's physical limitations, instead
7  giving greater weight to the opinions of the non-examining state agency physician,
8  L. Woodstock, M.D.  (Id. (citing AR at 34).)

   **2.  Legal Standard.**

10  In evaluating medical opinions, the case law and regulations distinguish
11  among the opinions of three types of physicians:  (1) those who treat the claimant
12  (treating physicians); (2) those who examine but do not treat the claimant
13  (examining physicians); and (3) those who neither examine nor treat the claimant
14  (nonexamining physicians).  See id. §§ 404.1502, 404.1527, 416.902, 416.927; see
15  also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Generally, the opinions of
16  treating physicians are given greater weight than those of other physicians, because
17  treating physicians are employed to cure and therefore have a greater opportunity
18  to know and observe the claimant.  Orn v. Astrue, 495 F.3d 625, 631 (9th Cir.
19  2007); Smolen, 80 F.3d at 1285.  The ALJ may only give less weight to a treating
20  physician's opinion that conflicts with the medical evidence if the ALJ provides
21  explicit and legitimate reasons for discounting the opinion.  See Lester, 81 F.3d at
22  830-31; see also Orn, 495 F.3d at 632-33; Soc. Sec. Ruling 96-2p.  Similarly, "the
23  Commissioner must provide 'clear and convincing' reasons for rejecting the
24  uncontradicted opinion of an examining physician."  Lester, 81 F.3d at 830
25  (quoting Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)).  Even where an

---

[4](...continued)
separate findings:  "Clinical findings:  Poorly controlled diabetes, asthma, anxiety
& stress."  (AR at 387.)

examining physician's opinion is contradicted by another doctor, the ALJ must still provide specific and legitimate reasons supported by substantial evidence to properly reject it. Id. at 830-31 (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)).

The report of a nonexamining physician may serve as substantial evidence when it is supported by other evidence in the record and is consistent with that evidence. Andrews, 53 F.3d at 1039-40; see also Pitzer, 908 F.2d at 506 (quoting Gallant, 753 F.2d at 1454) ("A report of a non-examining, non-treating physician should be discounted and is not substantial evidence when contradicted by all other evidence in the record.")).

**3.   Analysis.**

    **a.   Physical Limitations.**

With regard to Dr. Zapata's opinions regarding Plaintiff's physical limitations, the ALJ specifically noted the following:

> The undersigned has considered the physical limitations assessed in an attorney-generated questionnaire by Joni Zapata, M.D., a physician at Northridge Family Practice. However, this evidence is given little probative weight because the treatment records from Northridge Family Practice fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact so limited, and this weakness was not explained. Furthermore, Dr. Zapata's opinion appears to be based largely on an assessment of the claimant's mental condition, which is outside her area of expertise.

(AR at 34 (citation omitted).)

In discounting Dr. Zapata's opinions, the ALJ gave "significant weight" to the opinion of medical consultant Dr. Woodstock who, after reviewing the evidence pertaining to Plaintiff's physical condition, opined that Plaintiff's physical impairments did not significantly limit her ability to perform basic work

activities. (Id. (citation omitted).) The ALJ found this opinion supported the finding that neither Plaintiff's allegations nor other evidence in the case suggested the presence of any significant physical limitations. (Id.) This is a specific and legitimate reason to discount the opinion of the treating physician. Andrews, 53 F.3d at 1039-40 (the report of a nonexamining physician may serve as substantial evidence when it is supported by other evidence in the record and is consistent with that evidence).

In arriving at the RFC, the ALJ also relied on Plaintiff's testimony – giving her the benefit of the doubt because of her psychiatric history with regard to her history of asthma, and her claim that she was no longer able to handle the sort of skilled office work she used to do. However, he also noted that she gave unconvincing reasons for "why she would be unable to do less mentally demanding work – i.e., semi-skilled or unskilled work," noting that her reasons focused on her lack of familiarity with such work. (AR at 33 (citation omitted).) The ALJ also noted that Plaintiff did not "describe[] being significantly limited in her ability to perform physical work activities." (Id. at 34.) These inconsistencies between Plaintiff's own testimony and the assessment of Dr. Zapata also constitute a legally sufficient reason for discounting Dr. Zapata's opinions. See, e.g., Andrews, 53 F.3d at 1042 (ALJ properly rejected examining physician's opinion that claimant's alcoholism was uncontrolled where, inter alia, claimant testified that he had been able to control his alcohol and drug dependence for years at a time).

In discounting Dr. Zapata's opinions, the ALJ next cited a lack of evidence regarding physical limitations in the record. (AR at 34.) He specifically noted that the treating physician's records from Northridge Family Practice fail to suggest Plaintiff has any physical limitations, and indeed, reflect she has normal gait, normal strength, and an otherwise "normal clinical presentation." (Id. (citations omitted).) An ALJ may properly discount a treating physician's opinion that is not supported by clinical findings. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th

1 Cir. 2005); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ need not
2 accept treating physician's opinion that is inadequately supported by clinical
3 findings); 20 C.F.R. § 404.1527(c)(2); see also Johnson v. Shalala, 60 F.3d 1428,
4 1432 (9th Cir. 1995) (holding that ALJ properly rejected physician's determination
5 where it was "conclusory and unsubstantiated by relevant medical
6 documentation").

7     Moreover, the ALJ's finding that Dr. Zapata's opinions appeared to be based
8 on an assessment of Plaintiff's mental condition, which is outside Dr. Zapata's area
9 of expertise, is also a legitimate reason for discounting those opinions. See 20
10 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5) (the ALJ is permitted to "give more
11 weight to the opinion of a specialist about medical issues related to his or her own
12 area of specialty than to the opinion of a source who is not a specialist.").

13     **b.    Mental Limitations.**

14     With regard to Plaintiff's alleged mental limitations, the ALJ gave
15 "significant probative weight" to the opinion of state agency psychological
16 consultant S. Scott, PhD, who assessed Plaintiff with an adjustment disorder,
17 anxiety associated with depression, and post traumatic stress disorder. (AR at 34.)
18 Dr. Scott opined that although Plaintiff's depression and anxiety limit her ability to
19 do complex work, she still can do simple and semi-skilled work, and can
20 understand, remember, and perform simple and some complex instructions with
21 routine supervision. (Id. (citations omitted).) The ALJ noted that Dr. Scott had
22 reviewed the considerable documentary evidence in forming his assessment, and
23 that "a number of other reasons" led to a similar conclusion. (Id. at 34-35.)

24     For instance, the ALJ cited to Plaintiff's lack of mental health treatment
25 during the time she was working; treating records from Northridge Family Practice
26 showing that in the clinical context, Plaintiff "consistently presented" with a
27 normal mental status; the fact that Plaintiff received routine and conservative
28 treatment for her mental conditions; the nature of Plaintiff's visits to the West

Valley Mental Health Clinic suggesting that the visits were primarily attempts by Plaintiff to generate evidence for her disability application and appeal "as opposed to trying to get relief from the allegedly disabling symptoms"; the fact that Plaintiff's activities of daily living do not reflect disabling anxiety and depression; lay witness testimony regarding Plaintiff's daily activities suggesting an ability to some type of work; and a suggestion from Dr. Scott that Plaintiff's performance on certain psychological testing suggested malingering. (Id. at 33-34 (citations omitted).)

As with Plaintiff's physical limitations, the Court finds all of these to be legally sufficient reasons for giving more weight to Dr. Scott's medical opinion over that of the treating physician, Dr. Zapata. Thus, the Court concludes that the ALJ provided legally sufficient reasons to reject Dr. Zapata's opinions regarding Plaintiff's physical and mental limitations.

## IV.

## ORDER

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: January 9, 2014

HONORABLE OSWALD PARADA
United States Magistrate Judge